PHILIP KOHN v. THE CITY OF ELIZABETH CITY.

(Filed 8 October, 1930.)

**Taxation B c—In this case held: plaintiff was entitled to recover amount paid under protest as municipal license tax.**

> Where the charter of a city provides for the raising of revenue by license taxes on certain trades, professions, etc., among which is specified "merchants, itinerants or dealers, selling bankrupt or fire sales of any kind of goods," etc., a merchant purchasing a bankrupt stock, and increasing it by the purchase of other stock, and remaining in business for a period of over a year, during which time the bankrupt stock is sold in the usual course of business, is not liable for the tax imposed upon those selling bankrupt stock and is entitled to recover an amount paid by him thereunder under protest, the merchant not being subject to the tax if valid, and being entitled to recover if the tax is invalid. The construction of the statute, upon which may depend its validity, is not necessary to be decided in this case.

STACY, C. J., concurring; CLARKSON, J., concurs in concurring opinion.

APPEAL by defendant from *Nunn, J.,* at June Term, 1930, of PASQUOTANK. Affirmed.

This action to recover the sum of $466.66 and interest, paid by plaintiff to defendant, under protest, as taxes unlawfully demanded and collected by defendant, was heard on a statement of facts agreed, which is as follows:

"1. That chapter 15 of the Private Laws of 1923, same being the charter of the city of Elizabeth City, contains the following provisions:

'Revenue Act. Section 1. That to raise funds for general municipal purposes the following license taxes hereinafter specified are hereby levied for the privilege of carrying on the businesses, trades, professions, callings, occupations, or doing the act named, within the corporate limits of the city of Elizabeth City, or within one-half mile thereof, from the first day of September, 1923, to the thirty-first day of August, 1924, and for each year thereafter unless for some other time or period herein specified; and all such taxes shall be due and payable in advance at the office of the city auditor. The payment of any particular tax herein imposed, shall not relieve the party paying the same from liability for any other tax specifically imposed for any other business conducted by such person.'

Among the license taxes specified was the following, on: 'Merchants, itinerants or dealers, as proprietor or agent, selling bankrupt or fire sales of any kind of goods, wares or merchandise, per week, $100.'

2. That on or about 20 October, 1927, the said Philip Kohn purchased the stock of merchandise formerly owned by O. F. Gilbert, of

Elizabeth City, N. C., the said Gilbert having theretofore been adjudged a bankrupt, and the said Kohn having purchased said stock from the trustee in bankruptcy.

3. That the said Kohn rented a store on the west side of North Poindexter Street, Elizabeth City, N. C., and being one of the stores formerly occupied by said O. F. Gilbert, placed therein the merchandise bought as aforesaid, advertised the same for sale as bankrupt stock, and actually sold the same in the usual course of business.

4. That a short time before the plaintiff began selling said stock, the defendant notified him that by virtue of the aforesaid provisions of the charter of defendant, the plaintiff would be required to pay a license tax for the privilege of conducting a bankrupt sale, or selling bankrupt stock, and on 20 October, 1927, required the plaintiff to pay to defendant $133.33; on 21 October, 1927, $100; on 11 November, 1927, $133.33; and on 21 November, 1927, $100, making a total of $466.66, all of which plaintiff paid, under protest.

5. That after the payments as aforesaid, plaintiff failed and refused to make any further payments on said tax, and was brought before the police justice at Elizabeth City, was tried and the action dismissed.

6. That plaintiff made legal demand upon the defendant for the return of the said $466.66, with which demand the defendant refused to comply.

7. That a short time prior to January, 1928, the plaintiff leased, for a period of one year, from Mr. P. G. Sawyer, the store in which plaintiff's stock of merchandise was then located, increased his stock, and remained in business until some time during the year 1929.

8. That on 3 May, 1928, plaintiff duly listed for taxation his stock of merchandise, the valuation being fixed at $9,200, and thereafter paid to the sheriff of Pasquotank County, and to the tax collector of defendant, the taxes against said stock.

9. That the city and county taxes on the bankrupt stock purchased by plaintiff, and which were due for the year 1927, were paid by the trustee of the estate of O. F. Gilbert, bankrupt."

On the foregoing statement of facts agreed, the plaintiff contended "that the imposition and collection of said tax was illegal and not justified or authorized and that the statute, as set forth in the charter of defendant, and under which the said tax was imposed and collected, is unconstitutional, and that the said sum of $466.66, together with interest from date of payment, should be refunded to the plaintiff by defendant."

The defendant contended "that the imposition and collection of said tax was just and proper, and that the statute, as set forth in the charter of defendant, and under which said tax was imposed and collected, is constitutional and valid."

The court was of opinion "that so much of said chapter 15 of the Private Laws of 1923, same being the charter of the city of Elizabeth City, as imposes a tax of $100 per week upon "merchants, itinerants or dealers, as proprietor or agent, selling bankrupt or fire sales of any kind of goods, wares or merchandise" is in suppression of trade, oppressive and is unconstitutional and void, and that the plaintiff is entitled to the relief prayed for."

From the judgment in accordance with the opinion of the court that plaintiff recover of the defendant the sum of $466.66, with interest thereon from 21 November, 1927, and the costs of the action, defendant appealed to the Supreme Court.

*Worth & Horner for plaintiff.*
*Thompson & Wilson for defendant.*

CONNOR, J. If the statute under which the taxes were levied, and paid by plaintiff to defendant, under protest, must be construed as imposing a privilege tax on merchants doing business in Elizabeth City, and subject to the tax imposed by subsection 17, section 140, chapter 15, Private Laws of North Carolina, 1925, who shall purchase from a trustee in bankruptcy, goods, wares, and merchandise, belonging to the estate of the bankrupt, and who thereafter sell same in Elizabeth City, in the usual course of business, as merchants, a grave question will be presented as to whether the statute is valid. So construed, the statute may be subject to the criticism that it imposes a tax in violation of the principle that classifications for the purpose of taxation must be based on real and substantial differences, and not upon arbitrary distinctions, having no just relation to the subject-matter.

If the tax is imposed by the statute only on persons, firms or corporations, whether residents of the city or itinerants, who sell therein bankrupt stocks, or stocks which have been damaged by fire, and who are not classified for purposes of taxation as merchants subject to a privilege tax graduated in accordance with the amount of their gross sales, per annum, it would seem that the statute is valid. So construed, the statute would not be in violation of well settled principles with respect to valid classifications. See section 121, chapter 345, Public Laws of North Carolina, 1929, which contains the following paragraph:

"(d). Every itinerant salesman or merchant who shall expose for sale, either on the street or in a house rented temporarily for that purpose, any goods, wares or merchandise, bankrupt stock or fire stock, not being a regular merchant in such county, shall apply for in advance and procure a State license from the Commissioner of Revenue for the privilege of transacting such business, and shall pay for such license a tax

of one hundred dollars in each county in which he shall conduct or carry on such business."

Upon the facts agreed in the instant case, the question as to the proper construction of the statute, upon which may depend its validity does not necessarily arise. If the statute is void, the plaintiff is entitled to recover; if the statute is not void, but valid, then upon the facts agreed, we are of opinion that plaintiff was not subject to the tax imposed therein, and for that reason is entitled to recover. In either event, the judgment must be affirmed. It is so ordered.

Affirmed.

STACY, C. J., concurs in result on the ground that the facts agreed do not bring the plaintiff within the terms of the statute or charter in question, and thinks the reasons assigned by the trial court, in support of his judgment, should be disapproved in order to exclude a conclusion.

CLARKSON, J., concurs in concurring opinion.